# John Wanamaker, Philadelphia, Appellant, *v.* Ulmer & Company.

*Sales—Goods sold and delivered—Guarantee—Damages—Evidence —Case for jury.*

In an action for damages, resulting from the defective quality of cement sold and delivered to plaintiff it was proven that the cement was to be used in applying linoleum to a battle ship. Defendant guaranteed the cement to pass government inspection and to meet all government requirements. Plaintiff claimed that the cement was too thick and necessitated its application with a trowel instead of brushes, thereby requiring more time and a larger quantity of cement to complete the work. Defendant's guarantee contained no stipulation as to the quantity of cement to be used, nor did it prescribe the method of its application. Defendant's evidence was to the effect that the cement passed government inspection and met all government requirements.

Under such circumstances the case was for the jury and a verdict for the defendant will be sustained.

*Judgments—Judgment for want of a sufficient affidavit of defense—Separate judgment—Raising question on appeal after trial.*

The action of the court in refusing to enter judgment for want of a sufficient affidavit of defense is the subject of a separate judgment and cannot be raised on an appeal from judgment after trial of the issue.

Argued October 6, 1927. Appeal No. 40, October T., 1927, by plaintiff from judgment of C. P. No. 5, Philadelphia County, December T., 1924, No. 7513, in the case of John Wanamaker, Philadelphia, v. John R. Ulmer and George B. Ulmer, co-partners, trading as Ulmer and Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit for breach of contract. Before MARTIN, P. J.

The facts are stated in the opinion of the Superior Court.

The pleadings consisted of plaintiff's statement of

claim, defendant's affidavit of defense and counter claim.

Verdict for defendant in the sum of $135.88. Plaintiff appealed.

*Errors assigned,* among others, were to various rulings of evidence, charge of the court, and in discharging rule for judgment for want of a sufficient affidavit of defense

*George Sterner,* for appellant, cited: Catasauqua National Bank v. Miller, 60 Pa. Superior Ct. 220; Bitner v. Diehl, 61 Pa. Superior Ct. 483; American W. & V. Co. v. Lumber Co., 57 Pa. Superior Ct. 608; American Car & Foundry Co. v. Alexandria Water Co., 221 Pa. 529; Shannon v. McHenry, 219 Pa. 267; Humbert v. Meyers, 279 Pa. 171; Murphey v. Greybill, 34 Pa. Superior Ct. 339.

*John Arthur Brown,* and with him *Henry P. Brown,* for appellee.

OPINION BY HENDERSON, J., December 15, 1927:

Plaintiff's action was for damages resulting from the defective quality of cement sold defendant by the plaintiff to be used in applying linoleum to a battleship. The defendant's offer dated June 14, 1922, was to furnish the plaintiff "with approximately eight hundred (800) gallons of our No. 97 Linoleum cement at $0.85 per gallon, in barrels delivered to the New York Shipbuilding Company at Camden, N. J." "We guarantee this cement to pass government inspection and meet all government requirements."

On June 16th, the plaintiff wrote a letter accepting the defendant's offer and ordered 800 gallons to be delivered after inspection by the United States inspectors. The case turned on the question whether the cement supplied was of the kind and conformed to the guaranty above quoted. The objection made by the

plaintiff with respect to the cement was that it was too thick and could only be applied with a trowel, which was so slow a process that the cost of laying the linoleum was increased, and thereby the plaintiff was deprived of a profit on the contract it had with the shipbuilding company. The plaintiff then requested the defendants to supply cement of a thinner consistency, known as No. 60. The latter after trial, was replaced with a grade of cement called Rubico, which was also unsatisfactory to the plaintiff. The two latter grades were supplied against the advice of the defendants as claimed by them.

The only objection to the cement No. 97 seems to have been that more of it was required per yard of linoleum than the plaintiff supposed would be necessary, and that the cost of applying it with a trowel was greater than would have been the case if brushes could have been used. The *evidence* of the defendants was to the effect that the cement passed government inspection and met all requirements of the government. The written proposal of the defendants to supply, and of the plaintiff to purchase, contained no stipulation as to the quantity of cement to be used per yard, nor was there anything contained therein with respect to the use of brush or trowel in applying it to the parts of the ship to be covered. The trial judge instructed the jury that if the No. 97 cement answered all the requirements of the guaranty given by the defendants, and passed the government requirements, the defendants were not liable for any loss on the plaintiff's contract, but that if the cement did not comply with the guaranty, then the defendants were responsible for the damage caused by their failure to supply cement of the kind and quality they agreed to furnish.

The evidence was somewhat contradictory with respect to the No. 60 and Rubico cement, witnesses testi-

fying that each of them blistered; but the complaint as to quality did not apply to No. 97 except that it took more time and a larger quantity of cement to complete the work. The question at issue, therefore, was one of fact to be disposed of by the jury. Numerous assignments of error are presented to which we have given careful consideration, without being convinced that the court was in error in the rulings complained of. The first assignment relates to a rule for judgment for want of sufficient affidavit of defense, which was discharged June 22, 1925. From that action no appeal was taken. Later, the plaintiff filed a reply to the defendant's counterclaim, and the case was proceeded with to final judgment. The complaint now is that that judgment was erroneous. The action of the court in refusing to enter judgment for want of a sufficient affidavit of defense was a separate judgment, properly to be considered on an appeal from that judgment. It is too late now to review the action of the court on that subject.

The second, third and fourth assignments relate to questions propounded to a witness, Mr. Williams, an employee of the New York Shipbuilding Company. These questions were manifestly incompetent and properly excluded.

The question in the fifth assignment "If the Wanamaker Store had continued to use Ulmer's cement, what would have been the result?" was properly rejected. It was not a question within the circumference of the case as presented; and, it does not appear that the witness was qualified to express an opinion, if the question had been competent.

The sixth assignment involves a question to the same witness in this form, "Did you ever hear of Ulmer cement being successfully used in laying linoleum on battleships?" No relevant answer helpful to the jury could have been given to that question. The thing

contracted for by the defendants was No. 97 cement, with a guarantee that it would pass government inspection and comply with all government requirements. The question proposed did not bear on that subject.

The evidence offered by the defendants as set forth in the seventh assignment was competent as explanatory of the guaranty of the defendants in their contract. It was sufficiently proved by a witness of large experience, and was properly admitted.

It would have been error for the court to have given the instruction set forth in the eighth assignment. The case rested on the written contract, and the evidence relating to the quality of the cement. The testimony was contradictory, and therefore it was necessary to submit the evidence to the jury.

The ninth assignment does not rest on any action of the court supported by an exception.

The tenth, and eleventh assignments raise the question, already considered, of the right of the plaintiff to binding instructions.

The twelfth assignment complains of the refusal of the court to enter judgment n. o. v. for the plaintiff.

The thirteenth assignment alleges error in the refusal of a new trial. In view of the issue joined and the state of the evidence, it would have been error on the part of the court to sustain the requests of the appellant's counsel as set forth in the assignments referred to.

The fourteenth assignment does not call for a discussion. The letters contained in the supplemental reasons for a new trial could not have been considered by the court. They were not verified and were immaterial.

A review of the whole case discloses the propriety of the action of the court below.

The assignments of error are overruled and judgment is affirmed.